IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01865-RM-KLM

THERESA PETEKEIWICZ,

    Plaintiff,

v.

JACK CAULEY, Police Chief, in his official and individual capacities,
TROY STEMBEL, Corporal, in his official and individual capacities,
TERRY WATTS, in his official and individual capacities, and
TOWN OF CASTLE ROCK,

    Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff's Motion For Leave to File First Amended Complaint** [#33][1] and Plaintiff's **Memorandum in Support of Plaintiffs' Motion For Leave to File Amended Complaint** [#34] (collectively, the "Motion"). Defendants filed a Response [#36] to the Motion and Plaintiff filed a Reply [#38] in further support of the Motion. Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1(c), the Motion has been referred to the undersigned for a recommendation regarding disposition [#35]. The Court has reviewed the Motion, the Response, the Reply, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below,

---

[1] "[#33]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

1

the Court respectfully **RECOMMENDS** that the Motion [##33, 34] be **DENIED**.[2]

## I. Background

### A. Procedural Background

Plaintiff initiated this action on July 13, 2013. *See generally Compl.* [#1]. Plaintiff alleges that she is legally blind and disabled and that on August 9, 2012 she was detained by the Town of Castle Rock Police Department. *Id.* ¶¶ 10-12, 28. She further alleges that the police officers who arrived at her home to speak to her used excessive force to detain her. *Id.* ¶ 26.

In the first paragraph of her Complaint, Plaintiff states that she brings "this action [ ] under [the] Fourth Amendment and the Due Process Clause of the Fourteenth Amendment, and [that it] is brought pursuant to 42 U.S.C. § 1983 et seq. and 1988." *Id.* at 1. Plaintiff's Complaint later provides details of her claims, which include six claims against Defendants Stembel and Watts, the police officers who allegedly visited her home: (1) an excessive force claim pursuant to the Eighth Amendment; (2) a claim that Defendants Stembel and Watts violated Plaintiff's rights under the Constitution of the State of Colorado ("Colorado Constitution"), because they inflicted cruel, excessive, or unusual punishment on her; (3) negligence; (4) battery; (5) assault; and (6) intentional infliction of emotional distress. *Id.* ¶¶ 33-50. Plaintiff also brings two claims against Defendant Cauley,

---

[2] A magistrate judge may issue orders on nondispositive motions only. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1461, 1462-63 (10th Cir. 1988). Whether motions to amend are dispositive is an unsettled issue. *Chavez v. Hatterman*, No. 06-cv-02525-WYD-MEH, 2009 WL 82496, at *1 (D. Colo. Jan 13, 2009) (citing cases). When an order denying a motion to amend removes a defense or claim from the case, it may be dispositive. *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1228 (D. Kan. 2002). For the purpose of resolving the present Motion, the Court will assume that the issues involved are dispositive and require a recommendation.

as the Chief of the Town of Castle Rock Police Department: (1) a claim pursuant to 42 U.S.C. § 1983 and the Colorado Constitution for failure to supervise, failure to adequately train, and deliberate indifference and (2) negligent supervision. *Id.* ¶¶ 51-55. In addition, Plaintiff brings one claim against Defendant Town of Castle Rock ("Castle Rock"), alleging that Defendant Castle Rock "is liable for all sums, including punitive and exemplary damages, which defedant[s] may become legally obligated to pay plaintiff . . . ." *Id.* ¶¶ 56-57.

On October 4, 2013, Defendants filed their Answer [#14] and the Court held a Scheduling Conference on November 6, 2013 [#16]. Later that day, the Court entered the Civil Scheduling Order, which set December 23, 2013 as the deadline for amendment of pleadings. *Sched. Order* [#17] §9(a). In the section of the Civil Scheduling Order in which Plaintiff describes her claims, she states that she brings her 42 U.S.C. § 1983 action for, among other things, "Eighth Amendment violations." *Id.* at § 3(a). Plaintiff does not include the Fourth Amendment in this description of her claims.

On June 13, 2014, Defendants filed their Combined Motion and Memorandum Brief in Support of Partial Summary Judgment [#37], seeking dismissal of certain claims asserted in Plaintiff's Complaint. That Motion is pending before the District Judge.

**B.     The Motion**

Plaintiff's Motion seeks to amend the Complaint pursuant to Fed. R. Civ. P. 15(a)(2), but does not discuss Fed. R. Civ. P. 16's good cause standard. *See generally Motion* [##33, 34]. Plaintiff states that she seeks to "file a First Amended Complaint to change Count I and Paragraph 34 to read Fourth Amendment instead of Eighth Amendment." *Motion* [#33] at 2. She further informs the Court that she "has also stipulated to the

dismissal of the claims against Chief Cauley and dismissal of the Count II, III and VI [claims] against Defendants Watts and Stembel." *Id.*

In their Response, Defendants argue that Plaintiff has not met Rule 16's good cause standard. They maintain that she was not diligent in seeking leave to amend because her "counsel had access to sufficient information prior to filing the Complaint to know that this case involved Fourth Amendment issues." *Response* [#36] at 5. Defendant further argues that throughout the case Plaintiff's counsel has pled an Eighth Amendment claim even though "[a] cursory review of [the police] report [regarding the alleged arrest] indicates that Stembel and Watts arrived at [Plaintiff's] apartment on a report that she made suicidal statements, and that she was not in custody prior to their arrival . . . [and] the United States Supreme Court has made clear that the Fourth Amendment applies to claims arising in the context of an arrest, while the Eighth Amendment applies only to convicted and sentenced inmates." *Id.* at 5-6. In sum, Defendants argue that Plaintiff's "failure to carefully consider the facts and law when pleading her constitutional claims against Stembel and Watts does not support any finding of diligence, and therefore, [Plaintiff] does not meet Rule 16(b)'s good cause standard." *Id.* at 7.

Defendants further argue that even if Plaintiff did meet Rule 16's good cause standard, the Motion should be denied because she delayed seeking to amend. *Id.* at 7. They maintain that Plaintiff "was aware of the information which forms the basis of her Constitutional claims against Stembel and Watts from the outset of this litigation . . . . And she admitted that she failed to plead a Fourth Amendment claim after she agreed to dismiss her defective Eighth Amendment claims against Watts and Stembel." *Id.* at 7-8. Defendants further argue that Plaintiff's mistake in pleading an Eighth Amendment claim

4

was not inadvertent: "she used specific language from the Eighth Amendment in pleading Counts I and II in the Complaint, and again referred to the Eighth Amendment in the Scheduling Order." *Id.* at 8.

In her Reply, Plaintiff argues that she need not show good cause for amendment. *Reply* [#38] at 1. She further argues that even if the Court requires a showing of good cause, she meets that standard. *Id.* Specifically, Plaintiff argues that she "seeks to clarify what was already alleged . . . . [and] is not seeking to bring an entirely new cause of action." *Id.* at 2. She maintains that "[w]hether under the Eighth Amendment or the Fourth Amendment, the cause of action remains a section 1983 civil rights claim." *Id.*

## II. Analysis

As a preliminary matter, the Court must first determine whether the movant has filed her Motion within the deadline prescribed by the Scheduling Order, and if not, whether the movant established good cause for her failure to timely do so.[3] If good cause is shown, the

---

[3] Although the Tenth Circuit has not explicitly adopted this test related to amendment of pleadings generally, it the undersigned's practice, and indeed the practice of other judges in this District, to resolve untimely motions to amend first by considering the Rule 16(b)(4) good cause standard as a threshold issue. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006) (explaining that the Court of Appeals "adopted a similar interpretation of Rule 16(b)([4])'s 'good cause' requirement in the context of counterclaims asserted after the [pleading amendment] deadline" (citation omitted)); *see also, e.g.*, *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 688 (D. Colo. 2000) (denying an untimely motion to amend solely on the basis of a failure to establish "good cause" within the meaning of Rule 16(b)(4)); *Nicastle v. Adams Cnty. Sheriff's Office*, No. 10-cv-00816-REB-KMT, 2011 WL 1465586, at *3 (D. Colo. Mar. 14, 2011), *adopted by* 2011 WL1464588 (Apr. 18, 2011) ("Because the Court finds no good cause to amend the scheduling order, [it] will not address whether leave to amend is appropriate under Rule 15."); *see also Schneider v. City of Grand Junction, Colo.*, No. 10-cv-01719-MSK-KLM, slip op. (D. Colo. Apr. 25, 2011) [Docket No. 77], *adopted by* slip op. (July 12, 2011) [Docket No. 87] (unpublished decisions) (reviewing untimely motion to amend only as to good cause standard pursuant to Rule 16(b)(4)). Simply, if good cause is not shown, the Court is not required to consider whether Rule 15(a) excuses that failure. *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1132 (10th Cir. 1987) ("We hold that a district court acts within the bounds of its discretion when it denies leave to amend for 'untimeliness' or 'undue delay.'").

Court then considers any arguments raised by the parties related to whether justice would be served by amendment. Specifically, the Court should grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given, however, when the moving party unduly delayed, failed to amend despite ample opportunity to do so, the nonmoving party would be unduly prejudiced, or amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). This two-step analysis has been explained as follows:

> Rule 16(b)[(4)]'s good cause standard is much different [from] the more lenient standard contained in Rule 15(a). Rule 16(b)[(4)] does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, good cause means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this Court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."

*Pumpco, Inc. v. Schenker Int'l. Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (citations omitted); *accord Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997) ("Rule 16(b)[(4)])'s 'good cause' standard is much different [from] the more lenient standard contained in Rule 15(a). . . . Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts. . . ."). If a party fails to show good cause under Rule 16(b)(4), there is no need for the Court to move on to the second step of the analysis, i.e., whether that party has satisfied the requirements of Rule 15(a). *Nicastle*, 2011 WL 1465586, at *3.

As a preliminary matter, the pleading amendment deadline expired on December 23, 2013. *Sched. Order* [#17] §9(a). The instant Motion [#33] was filed on May 30, 2014, and, therefore, is untimely. Accordingly, Plaintiff must provide good cause for her failure

to timely move for amendment pursuant to Fed. R. Civ. P. 16(b)(4).  To demonstrate good cause pursuant to Rule 16, the moving party must "show that it has been diligent in attempting to meet the deadline[ ], which means it must provide an adequate explanation for any delay."  *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 1009) (citation omitted); Minter *v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).  "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts . . . .  Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (internal quotation and citation omitted).

Plaintiff argues that Defendants were on notice of her Fourth Amendment claim because it is supported by the same underlying facts alleged in her Complaint.  *Reply* [#38] at 2.  Defendants argue that Plaintiff cannot show good cause because she had the relevant factual and legal information prior to filing the Complaint.  *Response* [#36] at 5-6.  Notably, Plaintiff does not allege that she did not have the information supporting the Fourth Amendment claim she seeks to add at the time she filed her Complaint, nor does she allege a change in the substantive law.  She merely argues that "Defendants will maintain the same arguments and the facts have not changed."  *Reply* [#38] at 2.  She further argues that she "is not seeking [to] bring an entirely new cause of action."  *Id.*  She takes the position that the amendment will simply change the word "Eighth" to "Fourth."  She further states that, "[u]nder Count I, the Plaintiff uses the Fourth Amendment argument of reasonableness."  *Motion* [#34] at 2.  Therefore, Plaintiff maintains that she simply misstated a word when stating her claims.

Plaintiff's argument seems to be based on the idea that as long as a defendant is

7

aware of the factual allegations underlying a claim, a plaintiff need not state what right was violated or what law was broken because the defendant is on notice that there is some claim brought relating to those facts. It is true that Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 335 U.S. 41, 47 (1957)). Here, however, Plaintiff gave notice that she was bringing an excessive force claim pursuant to the *Eighth* Amendment, not the *Fourth* Amendment. As Plaintiff notes, there is one mention of the Fourth Amendment in the Complaint. *Compl.* [#1] at 1 ("the action arises under [the] Fourth Amendment and the Due Process Clause of the Fourteenth Amendment . . . ."). Therefore, even assuming *arguendo* that Defendants did have notice that Plaintiff intended to state a Fourth Amendment claim based on the use of this one word in the Complaint, surprise or prejudice to Defendants "is not a traditional consideration in determining whether a party has been diligent . . . ." *Cooper & Cooper, P.C. v. U.S. Bank Nat'l Ass'n*, No. 11-cv-00216-CMA-KLM, 2011 WL 5075563 at *2 (D. Colo. Oct. 26, 2011). Further, as noted above, "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Colo. Visionary Acad.*, 194 F.R.D. at 687 (citation omitted). Plaintiff's explanation that "[c]ounsel did not realize the error until it was pointed out by the Defendants on May 19, 2014," *Motion* [#34] at 2, is insufficient. This statement does not show that Plaintiff was diligent and does not form a basis for the Court to find good cause pursuant to Fed. R. Civ. P. 16(b). *See Nicastle*, 2011 WL 1465586, at *2 (denying untimely motion to amend when "the factual background for his First and Fourteenth Amendment claims was available at the time Plaintiff filed his

operative complaint."). Further, Plaintiff's statement underscores that this is not a situation in which a plaintiff only discovers the facts or claims she desires to add to the Complaint after the pleading amendment deadline, which may be an adequate explanation to demonstrate good cause for extension of the deadline. *See Holland v. BP Am. Prod. Co.*, No. 12-cv-00994-REB-KLM, 2013 WL 1150954, at *1-2 (D. Colo. Mar. 19, 2013); *Granite Southlands Town Ctr. LLC v. Albert Town Ctr., LLC*, No. 09-cv-ZLW-KLM, 2010 WL 2635524, at *2 (D. Colo. June 8, 2010).

Defendants rely on *Kron-CIS GmbH v. LS Indus., Inc.*, 2014 WL 1309068 (D. Kan. March 28, 2014), for the proposition that Plaintiff does not meet Rule 16's good cause standard because her "counsel had access to sufficient information prior to filing the Complaint to know that this case involved Fourth Amendment issues." *Response* [#36] at 5. In *Kron*, the plaintiff sought to amend the complaint to add a negligent misrepresentation claim based on facts that were included in the original complaint. *Kron*, 2014 WL 1309068, at *2. The court found that it was "difficult to see how Kron would have lacked this information at the time it filed its original pleading," particularly, when, like here, the plaintiff states that its failure to include the additional claim was "'due to inadvertence of counsel[.]'" *Id.* (citing to the motion to amend filed by plaintiff). Ultimately, the court found that the plaintiff did not show good cause under Rule 16(b)(4) because "a plaintiff does not meet the good-cause standard for a belated amendment when it has in its possession 'evidence that should have led it to the information that the proposed claim is based on.'" *Id.* (quoting *Five Rivers Ranch Cattle Feeding LLC v. KLA Envtl. Servs., Inc.*, 2010 WL 2609426, at *2 (D. Kan. June 25, 2010)). The *Kron* court went on to consider Rule 15(a)'s standard for amendment of pleadings and concluded that the plaintiff "unduly delayed and also failed

to cure the deficiency by an amendment previously allowed." The court explained:

> Kron states the negligent misrepresentation claim was omitted largely due to inadvertence of counsel and has admitted that many of the factual allegations giving rise to the proposed negligent misrepresentation claim were already pled in support of its fraud claim. Kron has offered no reasonable explanation as to why it failed to include this claim in its original complaint, filed more than a year ago . . . . It also seems that Kron should have been able to include this claim in its amended complaint . . . .

*Id.* The court further noted that discovery was closed and that the final pretrial conference was scheduled in the near future and concluded that "Kron unduly delayed in seeking to amend and has also failed to cure the deficiency in the previously allowed amendment to the complaint." *Id.* Certainly, *Kron* bears some similarity to the instant case and the Court finds the logic persuasive. Plaintiff offers no explanation other than that her attorney failed to realize that the Fourth Amendment, not the Eighth Amendment, applies here. That does not demonstrate good cause.

The Court therefore respectfully **recommends** that the Motion [##33, 34] be **denied**. Because the Court concludes that Plaintiff has not shown good cause pursuant to Rule 16(b)(4), the Court need not engage in an analysis of the Rule 15 standard. *See Colo. Visionary Acad.*, 194 F.R.D. at 688 (denying motion to amend based solely on failure to show good cause pursuant to rule 16); *Nicastle*, 2011 WL 1465586, at *3 ("Because the Court finds no good cause to amend the scheduling order, [it] will not address whether leave to amend is appropriate under Rule 15.").

### III. Conclusion

For the reasons stated above,

IT IS HEREBY **RECOMMENDED** that the Motion [##33, 34] be **DENIED** for failure

to show good cause for extension of the deadline for amendment of pleadings as required by Fed. R. Civ. P. 16(b)(4).

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-148 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-1413 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: August 11, 2014

BY THE COURT:

*/s/ Kristen L. Mix*

Kristen L. Mix
United States Magistrate Judge