**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 13-cv-01865-RM-KLM

THERESA PETEKEIWICZ,

    Plaintiff,

v.

CORPORAL TROY STEMBEL, in his official and individual capacities; and
TERRY WATTS, in his official and individual capacities; and
TOWN OF CASTLE ROCK,

    Defendants.

___

ORDER
___

This matter is before the Court on Plaintiff's "Unopposed Motion to Certify Order as Final Under Fed. R. Civ. P. 54(b) and Stay Pending Appeal" (ECF No. 56, the "Motion to Certify"). Federal Rule of Civil Procedure 54(b) provides that, in cases where there are remaining claims prior to appeal, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." *See Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7-8 (1980). "Rule 54(b) establishes three prerequisites for appeal of a separate final judgment on fewer than all claims in a lawsuit: (1) multiple claims; (2) a final decision on at least one claim; and (3) a determination by the district court that there is no just reason for delay." *Jordan v. Pugh*, 425 F.3d 820, 826 (10th Cir. 2005) (citations omitted).

Here, the first prerequisite is easily satisfied as there were claims asserted against multiple defendants and all but one defendant has been dismissed entirely from the case. With regard to the second requirement, the issue of whether a judgment is truly "final" as that term has been judicially determined under Rule 54(b) requires an examination of "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Stockmans Water Co. LLC v. Vaca Partners L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005) (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8) (brackets in original). "Interrelated legal claims and alternative theories for recovery should be litigated together and appealed together." *Jordan*, 425 F.3d at 829; *see, e.g. Genberg v. Porter*, No. 11-cv-02434-WYD-MEH, 2014 WL 793441, at *2-3 (D.Colo. Feb. 26, 2014); *Chavez v. Hatterman*, No. 06-cv-02525-WYD-MEH, 2009 WL 1187157, at *1-2 (D.Colo. Apr. 30, 2009).

In this case, all of Plaintiff's claims revolve around the same constellation of facts and cannot be separated for purposes of an interlocutory appeal; Plaintiff's claims are ultimately no more than "alternative theories for recovery" based on the injury Plaintiff suffered when her arm was broken by the acts of Defendant Troy Stembel ("Stembel"), the only remaining Defendant, when Stembel and Terry Watts ("Watts") went to Plaintiff's home to investigate a report that Plaintiff had made suicidal threats. *Jordan*, 425 F.3d at 829. The Complaint (ECF No. 1) lists Defendants "Stembel and Watts" together in each count against them (*see, e.g. Id.* at ¶¶ 45, 47) and Plaintiff's claim against the Town of Castle Rock is based solely on a determination of liability as to Stembel and Watts. (*See Id.* at ¶¶ 56-57.) Despite the fact that no party objects to

the Court granting Plaintiff's Motion to Certify, the claims Plaintiff seeks to appeal are factually inseparable from the claims that would remain with this Court and so her motion is denied.

Having denied Plaintiff's Motion to Certify, the Court now *sua sponte* reconsiders its decision to exercise supplemental jurisdiction over this case that it made in its Order of April 14, 2015. (ECF No. 53, at 12 n. 3.) Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction." *Barlow v. C.R. England, Inc.*, 703 F.3d 497, 511 (10th Cir. 2012); s*ee Merrifield v. Board of Cnty. Comm'rs for the Cnty. of Santa Fe*, 654 F.3d 1073, 1085 (10th Cir. 2011). The Tenth Circuit has "generally held that '[i]f federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.'" *Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010) (quoting *Bauchman v. West High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997)). "Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary." *Thatcher Enters. v. Cache Cnty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990).

In this case, the Court has dismissed all of Plaintiff's federal claims. Further, the Court has discussed with the parties the prospects of proceeding to trial on the state law claims at this time. The Court understands that neither party opposes a declination of the exercise of supplemental jurisdiction. Upon reconsideration, and in light of the Court's denial of Plaintiff's Motion to Certify, the Court declines to exercise subject matter jurisdiction over the remaining claims in this case because it has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3).

Based on the foregoing, it is ORDERED that Plaintiff's Unopposed Motion to Certify Order as Final Under Fed. R. Civ. P. 54(b) and Stay Pending Appeal (ECF No. 56) is DENIED. It is further ORDERED that Plaintiff's Complaint (ECF No. 37) is DISMISSED in full and without prejudice based on this Court's lack of jurisdiction pursuant to 28 U.S.C. § 1367(c)(3). The Clerk of the Court is directed to enter JUDGMENT in Defendants' favor.

DATED this 12th day of May, 2015.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge